IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

FRANKLIN BROWN,                    )
                                   )
                     Plaintiff,   )
                                   )          C/A: 4:07-3936-GRA-TER
v.                                 )                 ORDER
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF SOCIAL             )
SECURITY,                          )
                                   )
                     Defendant.   )
_____)

This is an action brought pursuant to Section 205(g) of the Social Security Act,

as amended, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the

Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance

Benefits (DIB) and Supplemental Security Income (SSI). This case was referred to a

magistrate for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a),

(D.S.C.).  The magistrate recommends that the Commissioner's decision be reversed

and that this matter be remanded to the Commissioner pursuant to Sentence Four for

further proceedings.

BACKGROUND

The plaintiff, Franklin Brown, filed applications for DIB and SSI in January

2002,alleging disability since December 4, 2001, as a result of breathing problems.

His applications initially denied upon reconsideration by the Administrative Law Judge

(ALJ) on August 13, 2004.  Plaintiff requested review and on August 15, 2005, the

Appeals Council granted plaintiff's request for review remanding the matter to the ALJ. A second hearing was held by the ALJ on May 10, 2006, who issued an unfavorable decision. The Appeals Council's denial of plaintiff's request for review of the ALJ's decision made it the Commissioner's final decision for purposes of judicial review. (Tr. 7-9).

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Defendant filed an objection to the magistrate's Report and Recommendation on February 3, 2009.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas*

*v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

The defendant argues that despite errors in the ALJ's decision, there is substantial medical evidence in the record to support the ALJ's findings. In particular, the defendant argues that, as the ALJ noted, there was little medical evidence in the

record to support the plaintiff's assertions.  However, the ALJ is required, to "consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7b.  Moreover, SSR 96-7b specifically requires that the ALJ consider the "individual's daily activities" when assessing credibility.  *See* SSR 96-7b.

In this instance, the ALJ clearly made significant errors in assessing the plaintiff's daily activities.  Such errors included his ability to work, shop, and read the paper.   In light of these errors, it is impossible for this Court to conduct a proper review of the record to determine if there is substantial evidence to support the ALJ's decision.

## CONCLUSION

After a review of the magistrate's Report and Recommendation, the objections filed by Defendant, and the facts and record of this case, this Court finds the Report and Recommendation is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

IT IS SO ORDERED

G. Ross Anderson, Jr.
United States District Judge

Anderson, South Carolina

February 4, 2009